947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruby G. MOORE, Widow of Royce Moore, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-2912.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1991.
Decided Oct. 25, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2254-BLA)
 Ruby G. Moore, petitioner pro se.
 Michael John Denney, Rita A. Roppolo, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 REVERSED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ruby G. Moore, the surviving spouse of Royce Moore, seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of black lung benefits pursuant to 30 U.S.C. §§ 901 et seq. For the reasons stated, we reverse and remand for an award of benefits.
 
 
 2
 The parties stipulated that Moore worked in the coal mines for at least 23 years. In 1979, Moore became unable to work in the mines. In May and November 1980, Moore's physician diagnosed him as having chronic obstructive pulmonary disease with coal miner's pneumoconiosis; he also diagnosed lung cancer. In the doctor's opinion, Moore's respiratory condition prevented him from engaging in coal mine or comparable employment. Moore died in January 1982; his death certificate noted lung cancer with fatal hemorrhage as the cause of death.
 
 
 3
 Moore's widow filed for black lung benefits. The Board denied benefits, finding that she had not shown that her husband's death was due to pneumoconiosis. This finding is not supported by substantial evidence in the record.
 
 
 4
 Pneumoconiosis is defined in 20 C.F.R. § 718.201 as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." That section further states that "arising out of coal mine employment" includes "any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." Although Moore's death certificate listed only lung cancer as the cause of death, the medical and lay evidence of record establishes that Moore's respiratory impairment was significantly related to and substantially aggravated by dust exposure in the coal mines. Pneumoconiosis was, then, a substantially contributing cause or factor leading to his death. See 20 C.F.R. § 718.205(c)(2).
 
 
 5
 Accordingly, we reverse the order of the Board and remand for an award of benefits. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 REVERSED.